```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK WATSON o/b/o K.L.W.

                    Plaintiff,              07-CV-6417T

        v.
                                            DECISION
MICHAEL J. ASTRUE, Commissioner             AND ORDER
of Social Security

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff Patrick Watson ("Watson"), brings this action on behalf of his minor daughter, K.L.W, ("KLW") seeking reversal of the defendant's final decision denying his application for benefits under Title II and Title XVI of the Social Security Act. Specifically, plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") was not supported by substantial evidence contained in the record, or the applicable law.

By motion dated May 5, 2008, the Commissioner of Social Security ("Commissioner") moved for judgment on the pleadings on the grounds that the ALJ's decision is supported by the substantial evidence contained in the record. On May 12, 2008, plaintiff cross-moved for judgment on the pleadings seeking to reverse or remand the Commissioner's determination that KLW is not disabled and therefore, not entitled to benefits.

For the reasons set forth below, I find that there is substantial evidence in the record to support the Commissioner's finding that KLW is not disabled. Accordingly, I grant defendant's motion for judgment on the pleadings, deny plaintiff's cross-motion for judgment on the pleadings, and dismiss plaintiff's complaint with prejudice.

## BACKGROUND

On January 7, 2004, plaintiff filed an application for Social Security Income benefits on behalf of his school-aged daughter, KLW. (Tr. 45-48). The defendant issued a Notice of Disapproved Claim on March 10, 2004. (Tr. 39-42). On May 14, 2004, plaintiff filed a request for a hearing before an ALJ. (Tr. 43-44). Administrative Law Judge Melvin D. Beniz, presiding in Dover, Delaware, conducted a video hearing on June 15, 2006 with the plaintiff, his daughter and their attorney appearing in Rochester, New York. By Decision dated July 28, 2006, the ALJ determined that KLW was not disabled under the Social Security Regulations. (Tr. 10-23). Plaintiff's request for a review by the Appeals Council was denied on June 28, 2007. (Tr. 5-8).   Plaintiff then filed this action on August 23, 2007.

## DISCUSSION

I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits.

Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing court does not try a benefits case de novo).

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant moves for judgment on the pleadings on the grounds that there is substantial evidence in the record to support the determination that KLW is not disabled. Plaintiff cross-moves for judgment on the pleadings on the grounds that the ALJ erred in determining that KLW's impairments do not result in marked limitations in three domains of functioning. Specifically, plaintiff claims that in not finding marked limitations, the ALJ failed to consider the impact that KLW's impairments have on her ability to function in an age appropriate manner, and her inability

to function without the support and structure that she presently receives at home and at school.

## II. The ALJ's Findings

The Social Security Administration has established a three-step sequential evaluation process to determine whether or not a minor is disabled. 20 C.F.R. 416.924(a). First, the ALJ must determine if the claimant is engaged in substantial gainful activity. If the claimant is not engaged in substantial gainful activity, the ALJ must then determine whether or not the claimant has a medically determinable "severe" impairment or a combination of impairments that is "severe".  If the claimant has a severe impairment or combination of impairments that is severe, the ALJ must then determine if the claimant's condition meets or medically equals the criteria of a listing, or functionally equals any listing. 20 C.F.R. 416.924(b) et seq.

In following the three-step process set forth above, the ALJ determined that KLW is not engaged in substantial gainful activity. The ALJ then determined that KLW suffers from a learning disorder and motor delay. (Tr. 15).  Based on the evidence in the record, the ALJ concluded that KLW does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix I of the Social Security regulations. ("the listings")(Tr. 15-16).  The ALJ then determined whether or not KLW's condition functionally equals any severe

impairment set forth in the listings. In doing so, the ALJ, as required by the Social Security Regulations, considered KLW's ability to function in six separate areas or domains. 20 C.F.R. 416.926a(b)(1). These six domains include:

   (i)   acquiring and using information;
   (ii)  attending and completing tasks;
   (iii) interacting and relating with others;
   (iv)  moving about and manipulating objects;
   (v)   caring for yourself;
   (vi)  health and physical well-being.

20 C.F.R. 416.926a(b)(1)(i)-(vi). If a child has "marked" limitations in two of the above domains of functioning, or an "extreme" limitation in one of the domains, the child will be considered to have an impairment that functionally equals a listed impairment, and will be considered disabled.

The ALJ found that KLW had a less than marked limitation in the domains of attending and completing tasks, interacting and relating with others, moving about and manipulating objects, and the ability to care for herself. The ALJ found that KLW had no limitations in the areas of acquiring and using information, and health and physical well-being. (Tr. 16-22).

   III. <u>The Commissioner's finding that KLW is not disabled is supported by the evidence in the record.</u>

   A. <u>The ALJ properly concluded that KLW's impairments do not result in marked limitations in three domains of functioning.</u>

Plaintiff claims that his daughter has marked limitations in three domains, including: acquiring and using information,

attending and completing tasks, and moving about and manipulating objects.  The ALJ, however, determined that KLW has a less than marked limitation in the areas of attending and completing tasks and moving about and manipulating objects, and has no limitations in acquiring and using information.  I discuss each of these findings <u>seriatim</u>.

    1.   <u>Attending and completing tasks.</u>

The domain of attending to and completing tasks encompasses a child's ability to focus and maintain attention, and his or her ability to begin, carry through, and finish activities. In determining a child's ability to attend to and complete tasks, the ALJ considers the pace at which a child performs activities and the ease with which a child can move from one activity to another. 20 C.F.R. 416.926a(h).  Plaintiff argues the ALJ erred in finding a less than marked limitation in this domain, and contends that the numerous teacher and therapist evaluations contained in the record, along with KLW's academic testing scores, establish that KLW has a marked limitation in this area.

I find, however, that the ALJ properly evaluated the reports from KLW's teachers and therapists in determining that KLW does not suffer from a marked limitation in this area. Initially, I note that there is no medical evidence submitted by any doctor suggesting that KLW suffers from any deficiency with respect to her ability to attend to and complete tasks.  In fact, the only medical

opinion contained in the record is that of Dr. Jennifer Meyer, a non-examining physician who, after reviewing the record, opined that KLW does not suffer from any marked impairment in this domain. (Tr. 111). While it is true that some school evaluations report that KLW has difficulty focusing on her work and is easily distracted, the evidence also demonstrates that she is able to be redirected to the task. Although she required twice the time to complete assigned tasks, she had minimal problems switching between activities without disruption, and was capable of completing work correctly without careless mistakes, and working without distraction to herself and others. (Tr. 102). In a report dated December 19, 2004, her physical therapist agreed that although she was distracted by her environment, she was easily brought back to task. (Tr. 348). Additionally, she was very motivated to improve her gross motor skills and was most successful when new or challenging skills were broken down into component tasks. (Id.) I find that this evidence supports the ALJ's conclusion that KLW does not have a marked impairment in the domain of attending to and completing tasks.

   2.   <u>Moving about and manipulating objects.</u>

The domain of moving about and manipulating objects focuses on how a child moves her body from one place to another and how he or she moves and manipulates things. 20 C.F.R. 416.926a(j). Plaintiff contends that KLW's teachers have consistently stated

that her impairment in this area is marked.  In support of this claim plaintiff notes that KLW has received physical and occupational therapy through the school district since first grade.

In finding that KLW has a less than marked impairment in this domain, the ALJ found that KLW exhibited steady improvement in the area of moving about and manipulating objects based on the services and therapy she has received.  School records show that despite deficiencies in her fine and gross motor skills, KLW demonstrated progress over the course of her education as a result of participating in physical and occupational therapy.  In her December 19, 2004 physical therapy evaluation, the therapist noted that KLW continued to present with gross motor delays.  However, when administered the Bruininks-Oseretsky Test of Motor Proficiency, her scores in bilateral coordination and strength placed her within the average level of performance. Similarly, she improved in balance and upper-limb coordination from low to below average level of performance. (Tr. 352). Furthermore, Dr. Meyer determined that KLW had a less than marked impairment in moving about and manipulating objects.  While plaintiff claims that the ALJ erred in focusing solely on "minor improvements" exhibited by KLW, the evidence as a whole shows that she has made continuous improvement in this domain, and that she does not suffer from a marked impairment in this area.

    3.   <u>Acquiring and Using Information.</u>

The domain of acquiring and using information focuses on how well a child acquires and learns information and how well he or she uses the information learned. 20 C.F.R. 416.926a(g). Plaintiff asserts that the ALJ erred by overemphasizing and misinterpreting any gains KLW made in acquiring and using information over the course of her education. Plaintiff states that KLW's test scores show her to be learning at below grade level, and in the low average range. Plaintiff also states that the goals set forth in KLW's Individualized Education Plans ("IEP") were set one-to-two grades below the grade in which she was enrolled. However, progress reports from KLW's teachers show that while she is working below grade level, she continues to make steady improvements. Her IQ scores have consistently improved. (Tr. 241, 293). Her IEP's have described her cognitive ability as "average". (Tr. 152, 144, 121). Moreover, Dr. Meyer found KLW to have no limitation in the area of acquiring and using information. While the ALJ determined that KLW does suffer from a learning disorder, the record as a whole supports the ALJ's conclusion that she has no limitation in the domain of acquiring and using information.

    B. <u>The ALJ properly considered KLW's ability to function in an age appropriate manner.</u>

Plaintiff claims that the ALJ did not take into consideration the impact that KLW's impairments have on her ability to function in an age appropriate manner. Plaintiff points to the myriad of

school reports, test scores and teacher and therapist evaluations acquired since 2000, which plaintiff claims establish KLW's inability to function in an age appropriate manner. While there are instances where KLW's school performance and fine and gross motor skills were determined to be below grade level, the evidence shows that there has been consistent progress in both areas. On May 16, 2006, KLW's fourth grade teacher, Mrs. Grace, completed a School Performance Questionnaire in which she reported that KLW functioned age appropriately in communication skills, moving about and manipulating objects, self care, physical health and interacting and relating with others. (Tr. 358-359). Although Mrs. Grace indicated that KLW did not function age appropriately with respect to acquiring and using information and attending to and completing tasks due to her being easily distracted, she notes that KLW is highly motivated to complete her tasks. Accordingly, I find there is sufficient evidence in the record to support the ALJ's conclusion that KLW is able to function in an age appropriate manner.

  C. <u>The ALJ properly considered KLW's ability to function without structured support.</u>

  Plaintiff contends that the ALJ failed to consider whether or not KLW could function appropriately outside of a structured setting, and that his failure to do so constitutes legal error. I find, however, the ALJ properly considered her functional capabilities outside of structured settings.

Section 416.924a(b)(5)(iv)(C) of the Social Security Regulations provides that:

> A structured or supportive setting may minimize signs and symptoms of your impairment(s) and help to improve your functioning while you are in it, but your signs, symptoms, and functional limitations may worsen outside this type of setting. Therefore, we will consider your need for a structured setting and the degree of limitation in functioning you have or would have outside the structured setting. Even if you are able to function adequately in the structured or supportive setting, we must consider how you function in other settings and whether you would continue to function at an adequate level without the structured or supportive setting.

While the ALJ must consider how a child would function outside of a supportive setting, "[t]he regulation does not command the ALJ to explicitly discuss his consideration of these factors in the decision . . . ." Turner v. Barnhart, 2006 WL 2460876, *2 (E.D. Penn., August, 21, 2006)(remanding case to Commissioner on other grounds); but see Pollard ex rel. T.W. v. Astrue, 2008 WL 2813340, *14 (E.D. Mo., July 18, 2008)("Without any discussion or analysis [by the ALJ] as to how [plaintiff's child] would function outside of her supportive setting" court can only speculate as to how ALJ would have ruled on the issue). In the instant case, I find that the ALJ properly assessed KLW's functional capacity both in and outside of structured settings. Although the ALJ did not explicitly address the issue of how she might function outside of structured settings, he considered all of the medical, non-medical,

and educational evidence presented by the plaintiff, including how she interacted with other children during unstructured periods of recreation and play. Accordingly, I find that the ALJ properly considered KLW's ability to function outside a structured setting.

## CONCLUSION

For the reasons set forth above, I grant the Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied and the complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         August 5, 2008